```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     CHARLESTON DIVISION
```

**THOMAS J. SAVOCA,**

    **Plaintiff,**

**v.**                                      **Civil Action No. 2:04-0543**

**MS. ARNOLD, et al.,**

    **Defendants.**

<u>**MEMORANDUM OPINION**</u>

Pursuant to the court's order of May 25, 2006, in which the court overruled plaintiff's objections to Magistrate Judge Mary Stanley's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], confirmed and accept the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its Memorandum Opinion. For the reasons below, the court agrees with the findings of the magistrate judge.

### I.  Factual Background

On March 4, 2004, plaintiff was convicted by a jury of aggravated bank robbery and use of a firearm in relation to a bank robbery in violation of 18 U.S.C. §§ 2, 2113(a) and (d), 924(c)(1)(A)(ii). (No. 2:03-00194-1, Doc. Nos. 18 and 99.) On June 1, 2004, plaintiff filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff alleges that the prosecutors

and witnesses involved in his criminal trial were involved in a conspiracy to commit fraud and subornation of perjury and that they tampered with evidence.

The magistrate judge found that plaintiff's case against Ms. Arnold and Mr. Wright is barred by prosecutorial immunity because the allegations against them arise from their prosecutorial functions. (Doc. No. 3 at 3.) In addition, the magistrate judge found that the witnesses are also immune under common law privilege providing protection for people integral to the judicial process. (Id. at 4.) Finally, the magistrate judge found that to the extent that plaintiff claimed that his imprisonment was unconstitutional, his claim must be pursued through a writ of habeas corpus, not a § 1983 claim. Accordingly, the magistrate judge recommended that this court dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge Stanley's Proposed Findings and Recommendation. Plaintiff filed his objections on July 14, 2004. (Doc. No. 4.) The court has conducted a de novo review of the record as to one objection, but not as to another which was found to be "general and conclusory." The court finds that the magistrate judge's findings and recommendation is correct.

## II. Analysis

Plaintiff's first objects that certain witnesses committed perjury at his trial and that neither the witnesses nor the prosecutors are entitled to immunity. (Doc. No. 4 at 2-3.) This court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). This objection is "general and conclusory" as discussed in Orpiano in that it does not direct the district court to any specific errors in the F & R and instead only restates arguments contained in plaintiff's earlier pleadings. See 687 F.2d at 47. Accordingly, plaintiff's first objection is overruled without de novo review.

Plaintiff's remaining objection is reviewed de novo. Plaintiff argues that his access to legal research materials was inadequate because there were pages missing from prison law books and because he did not have access to a copier or typewriter. Essentially, plaintiff asserts, for the first time, that his right of access to the courts has been denied. (See Doc. No. 4); see also Bounds v. Smith, 430 U.S. 817, 828 (1977) (holding that the fundamental constitutional right of access to the courts requires prison authorities provide assistance such as law libraries or help from persons trained in the law); Lewis v.

Casey, 518 U.S. 343 (1996) (holding that a prisoner must show actual injury to succeed on a Bounds claim).

Plaintiff does not allege that he was completely denied access to legal research materials. Instead, he alleges that his access was inadequate. As such, plaintiff must show that he was prejudiced by the inadequacies he alleges that he encountered. Lewis v. Casey, 518 U.S. 343, 351 (1996); Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993). Plaintiff fails to show how these difficulties prejudiced his ability to present arguments to the court. Plaintiff does not attempt to explain how lack of access to a typewriter or copier prejudiced him.

With respect to inadequate legal research materials, plaintiff argues that he was prejudiced because he intended his complaint to initiate an investigation by Chief Judge Faber into misconduct by the prosecutors and witnesses named as defendants in this action. Plaintiff was not prevented from bringing his concerns to the court's attention in either his criminal case or in this civil case. The docket of the related criminal action[1] shows that defendant filed a number of pro se motions with this court bringing his concerns to the court's attention after conviction and before sentencing. (See, e.g., No. 2:03-00194-1, Doc. Nos. 102, 114, 124.) Defendant was given an opportunity to

---

[1] Plaintiff's conviction and sentencing was affirmed by the Fourth Circuit. United States v. Savoca, No. 04-4886 (October 31, 2005) (unpublished opinion) (No. 2:03-00194-1, Doc. No. 191).

speak at his sentencing hearing, but declined. (Doc. No. 153 at 22.) Because defendant had adequate opportunity in his criminal action and in this case to present arguments to this court, he was not prejudiced by the legal research difficulties he encountered, including books with missing pages. See Lewis, 518 U.S. at 351 ("prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts") (internal quotations omitted). Accordingly, the court overrules plaintiff's second objection.

### III. Conclusion

For the reasons discussed above, the magistrate judge's decision was well-reasoned and supported by court rules and case law. Plaintiff's objections are accordingly OVERRULED. The Clerk is directed to forward a copy of this Memorandum Opinion to all counsel of record and the plaintiff, pro se.

IT IS SO ORDERED this 25th day of May, 2006.

ENTER:

David A. Faber
Chief Judge